corrected

# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 24-1445V

HECTOR LOPETEGUI,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: August 13, 2026

*Kirk Tripp Otto, Siri & Glimstad, LLP, Louisville, KY, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 17, 2024, Hector Lopetegui filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleged that he suffered a right shoulder injury related to vaccine administration after receiving a tetanus, diphtheria, acellular pertussis vaccine on April 16, 2023. Petition at 1, ¶¶ 2, 20; Stipulation, filed Apr. 28, 2026, at ¶¶ 1-2, 4. On April 28, 2026, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 27.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On December 20, 2024, Petitioner's former counsel, Rawls Law Group, filed a Motion for Interim Fees and Costs, requesting $7,265.62 (representing $6,688.20 in fees plus $577.42 in costs). ECF No. 24. Respondent did not file a response to that fees request. Then, on May 11, 2026 (and hence after entitlement was resolved in Petitioner's favor), Petitioner filed a Final Motion for Attorney's Fees and Costs, requesting $4,167.45 (representing $4,154.20 in fees plus $13.25 in costs). Petitioner's Motion for Fees and Costs. ECF No. 32. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 32-3. Petitioner thus requests a total award of $11,433.07 in fees and costs.

Respondent reacted to the final Motion for Attorney's Fees and Costs on May 6, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response to Motion, at 2-4, ECF No. 33. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Hum. Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Hum. Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

For attorney John Beaulieu, Petitioner requests the hourly rates of $360.00 per hour for work performed in 2025, and $450.00 per hour for 2026 work. For attorney Kirk Otto, Petitioner requests the rate of $495.00 per hour for work performed in 2026.

The requested 2025 rate for attorney Beaulieu has previously been awarded and shall be applied in this matter as well, but the requested 2026 rate requires adjustment. Mr. Beaulieu was previously awarded $425.00 per hour for 2026 work. *See Sukhraj v. Sec'y of Health & Hum. Servs.,* No. 23-2176V, slip. op. (Fed. Cl. May 19, 2026). I find no reason to deviate from this previous determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce the rates to be consistent with *Sukhraj.* **Application of the foregoing reduces the fees to be awarded herein by <u>$2.50</u>**[3]

Mr. Otto was previously awarded $450.00 per hour for time billed in 2026. *See Hughes v. Sec'y of Health & Hum. Servs.,* No. 22-1917V, 2026 WL 2111394. (Fed. Cl. Jun. 23, 2026). That rate shall be applied herein, **reducing the fees to be awarded herein for Mr. Otto's time by <u>$139.50</u>**.[4]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 24-1 at 7-10 and 32-2 at 7-8. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable, and hereby award them in full.

---

[3] This amount is calculated as follows: ($450 - $425 = $25 x 0.10 hrs = $2.50).

[4] This amount is calculated as follows: ($495 - $450 = $45 x 3.10 hrs = $139.50.)

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $11,291.07 (representing $10,700.40 for attorneys' fees and $590.67 for attorneys' costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.